IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:23-cr-1-TSL-LGI

KEYSHIA SANDERS  18 U.S.C. § 1343

**The United States charges:**

At all times relevant to this Information:

INTRODUCTION

1. Defendant **KEYSHIA SANDERS ("SANDERS")** was a resident of Mississippi who worked for the City of Jackson, Mississippi ("City of Jackson"), as its Constituency Services Manager. **SANDERS** was a salaried employee of the City of Jackson.

2. The Surdna Foundation ("Surdna") was an organization based in the State of New York.

3. Community Aid and Development Corporation ("CAD"), also known as the Community Aid and Development Foundation, was an organization based in the State of Georgia.

4. PayPal, Inc. ("PayPal") was an online payment company headquartered in San Jose, California. PayPal operated an online payment system which allowed customers to make online money transfers to merchants and other individuals. Customers of PayPal could conduct a variety of online financial transactions, including but not limited to: sending and receiving electronic payments; conducting online money transfers; and making electronic deposits to bank accounts linked to PayPal accounts. PayPal was accessible from anywhere in the world, including but not limited to the States of Mississippi and Georgia, via the Internet using the

PayPal website, mobile devices, online applications, and peer-to-peer online transactions.

5. Regions Bank ("Regions") was a financial institution located in the United States and headquartered in Birmingham, Alabama. The accounts and deposits of Regions were insured by the FDIC. Regions was an organization whose normal activities took place in interstate and foreign commerce and which had an effect on interstate and foreign commerce.

6. **SANDERS** controlled the e-mail account KeyshiaE@me.com and the PayPal account linked to that e-mail.

7. **SANDERS** controlled the Regions bank account ending in X8516.

## THE SCHEME AND ARTIFICE TO DEFRAUD

8. Paragraphs 1 through 7 are hereby re-alleged and incorporated by reference as though fully set forth herein.

9. Beginning at least as early as August 2020 and continuing until in or about July 2021, in Hinds County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant, **KEYSHIA SANDERS**, did knowingly and intentionally devise a scheme and artifice to defraud CAD and others by using fraudulent invoices to cause CAD to wire transfer money using PayPal, under false and fraudulent pretenses, representations, and promises, thereby misappropriating fraudulent proceeds for her own benefit and the benefit of others.

10. On or about May 1, 2020, Surdna awarded a $1,200,000.00 grant to CAD to provide project support to CAD for its regranting initiative, in partnership with the City of Jackson, to invest in artists, artist collectives, and small arts organizations of color in the City of Jackson. The grant was awarded for a duration of 36 months, with a start date of May 1, 2020, and an end date of April 30, 2023. The grant was to be used only for charitable and educational activities consistent with Surdna's tax status as a public charity.

11. Just before the grant was awarded, in or about April 2020, in anticipation of receipt of the Surdna grant, CAD, the City of Jackson, and others entered a Memorandum of Understanding ("MOU") as to how the Surdna grant would be administered. The MOU was signed by, among others, the Mayor of the City of Jackson and the Executive Director of CAD. The MOU included, among others, the following agreements:

   a. CAD was designated to serve as the fiscal agent for the grant, responsible for disseminating funding, providing audited reports, and providing financial reports and updates to partners.

   b. The City of Jackson was responsible for, among other responsibilities: publicizing the programs supported by the Surdna grant; participating in the process of selecting art fellows; and developing and monitoring an evaluation process to track community engagement and data collection.

   c. The MOU explicitly states "[e]ach party shall be solely responsible for payment of all compensation owed to its employees, including payment of any taxes related to employment and workers' compensation insurance."

12. Shortly after the Surdna grant was disbursed, the defendant, **KEYSHIA SANDERS**, was designated as the City of Jackson's administrator of its obligations under the MOU. As a salaried employee of the City of Jackson acting within the scope of her employment, **SANDERS** was not entitled to receive additional payment for her role as the City of Jackson's administrator of the Surdna grant. **SANDERS** was also explicitly informed by her management that she was not entitled to receive additional payment for her role as the City of Jackson's administrator of the Surdna grant.

13. Beginning at least as early as August 2020 and continuing until in or about July 2021, defendant **SANDERS** began sending CAD invoices for services rendered as the grant

3

administrator. CAD then paid **SANDERS** for these services by wire transferring funds into **SANDERS'** PayPal account. Once the funds were received into **SANDERS'** PayPal account, **SANDERS** would then utilize PayPal to wire transfer the fraudulently obtained funds into her Regions bank account ending in X8516.

14. It was part of the scheme and artifice to defraud that defendant **SANDERS** created fraudulent invoices that were not permitted under the MOU and were not allowed as a salaried employee of the City of Jackson. **SANDERS** knew that she was not entitled to additional payment for her role in administering the Surdna grant because of the MOU that was signed between CAD, the City of Jackson, and others, and because of her position as a salaried employee of the City of Jackson. These invoices contained false and fraudulent pretenses, representations, and promises that **SANDERS** was entitled to receive compensation from CAD for her work in administering the Surdna grant on behalf of the City of Jackson.

15. It was part of the scheme and artifice to defraud that defendant **SANDERS** sent CAD the fraudulent invoices to fraudulently induce CAD to pay her using money from the Surdna grant.

16. As a result of defendant **SANDERS'** false and fraudulent pretenses, representations, and promises, CAD wire transferred money to **SANDERS'** PayPal account. **SANDERS** then wire transferred the money from her PayPal account to her Regions bank account ending in X8516.

17. It was part of the scheme and artifice to defraud that defendant **SANDERS** knew and intended that her false and fraudulent pretenses, representations, and promises would induce CAD to disburse money to her and would cause financial losses while **SANDERS** and others benefitted from the fraudulent scheme.

4

## PAYPAL INTERSTATE TRANSFER OF FUNDS

18. When a PayPal transaction occurs, the wire transaction starts at the location where the user electronically submits their inputs to PayPal. The wire transaction then travels through a PayPal server location. While PayPal is unable to identify the exact path of the transaction when it moves through a server, the wire must move through a PayPal server and the servers are located in the States of Utah, Arizona, and Nevada. PayPal does not maintain any servers in the State of Mississippi.

## COUNT 1

19. The United States realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 18.

20. Beginning at least as early as August 2020 and continuing until in or about July 2021, in Hinds County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant, **KEYSHIA SANDERS**, unlawfully, willfully, and knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations, and promises. In executing this scheme and artifice to defraud, **SANDERS** knowingly and willfully obtained money by means of materially false and fraudulent representations, pretenses, and promises, and in furtherance thereof, did cause electronic wire communications and transfers to be transmitted in interstate commerce for the purpose of executing the scheme, in that **SANDERS** initiated fraudulent transactions transferring funds through PayPal's servers, as follows:

| DATE OF WIRE (On or about) | DESCRIPTION |
|---|---|
| July 30, 2021 | Interstate wire transfer of funds in the amount of $2,500.00 from **SANDERS'** PayPal account, through a PayPal server, to **SANDERS'** Regions Bank account, ending in X8516. |

All in violation of Title 18, United States Code, Section 1343.

5

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offense as alleged in this Information, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2); and Title 28, United States Code, Section 2461.

*[signature]*
DARREN J. LAMARCA
United States Attorney